# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| RHEA EVERETTE NEBGEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-CV-00213-MDH |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff Rhea Nebgen's appeal of Defendant Social Security Administration Commissioner's denial of her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ *et. seq*. Plaintiff exhausted administrative remedies and the matter is now ripe for judicial review. After carefully reviewing the record, the Court finds that the administrative law judge's ("ALJ's") decision failed to comport with SSR 96-8p and the decision is **REVERSED and REMANDED**.

## BACKGROUND

Plaintiff protectively filed her application for disability benefits insurance under Title II of the Social Security Act October 19, 2020. Plaintiff alleged disability beginning January 19, 2018. Plaintiff's application was denied. Plaintiff appealed this denial to an ALJ. Following an administrative hearing, the ALJ found, in a decision issued March 11, 2022, that Plaintiff was not disabled for purposes of her benefits application. The Appeals Council declined review of the ALJ's decision on February 9, 2023. Plaintiff then filed the present action in this Court. The ALJ's denial is Defendant's final decision, over which this Court has jurisdiction.

1

The ALJ found, *inter alia*, Plaintiff has the severe impairments of fibromyalgia, lumbar degenerative disc disease, obesity, and migraines. Plaintiff also suffers non-severe impairments of irritable bowl syndrome, sinusitis, insomnia, hypothyroidism, vitamin D and B12 deficiencies, and a "problem with pain perception." (Tr. 20). The ALJ also found that Plaintiff has "medically determinable mental impairments of depressive disorder, history of bipolar disorder, and anxiety disorder." (Tr. 20). However, these conditions, the ALJ found, "do not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities and are therefore nonsevere." (Tr. 20). The ALJ concluded Plaintiff "has the residual functional capacity [("RFC")] to perform light work, as defined in 20 CFR 404.1567(b), except she can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She can never climb ladders, ropes, or scaffolds. She must avoid frequent exposure to extreme cold and heat, wetness, humidity, vibration, fumes, odors, dusts, gases, poor ventilation, hazards, machinery, and heights. The claimant can work at no more than noise level 3, moderate, such as in a business office." (Tr. 22). The ALJ determined Plaintiff's impairments do not preclude Plaintiff from performing her past jobs of computer program analyst and software developer. The ALJ, therefore, concluded Plaintiff has not suffered a disability for purposes of Plaintiff's application for Social Security benefits between January 19, 2018 and the date of the ALJ's decision, March 11, 2022.

## STANDARD

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g), 1383(c)(1)(B)(ii)(3). Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable

person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from the decision. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007). Incorrect application of a legal standard is grounds for reversal, *Ford v. Heckler*, 754 F.2d 792 (8th Cir. 1985), but the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006). Finally, while a deficiency in opinion writing is not enough to merit reversal where it has no practical effect on the outcome, incomplete analyses, inaccuracies, and unresolved conflicts of evidence may be a basis for remand. *Reeder v. Apfel*, 213 F.3d 984, 988 (8th Cir. 2000).

## DISCUSSION

### I.     Non-severe mental health limitations in the RFC

Plaintiff takes issue with how the ALJ addresses Plaintiff's non-severe mental health conditions in formulating Plaintiff's RFC.  At steps two and three of the sequential analysis, after finding

Plaintiff suffers from several non-severe mental health conditions, the ALJ discusses various functioning areas impacted by Plaintiff's mental health conditions. The ALJ considered the following functioning areas: 1) understanding, remembering, and applying information; 2) interacting with others; 3) concentrating, persisting or maintaining pace; and 4) adapting or managing oneself.  (Tr. 20-21). The ALJ concludes some degree of limitation exists in each functioning area, but emphasizes such limitations are "mild" and pose only minimal difficulties for Plaintiff's ability to complete basic workplace activities.

The functioning areas the ALJ notes are known as the "paragraph B" criteria, which, the ALJ explains, are not used in the formulation of the RFC, but instead "are used to rate the severity of mental impairments at step 2 and 3 of the sequential evaluation process." (Tr. 21). Defendant contends that, because the ALJ's discussion of mental functioning limitations references only the "paragraph B" criteria used at steps 2 and 3, the ALJ's failure to incorporate these acknowledged limitations into Plaintiff's RFC is not reversible error. Defendant concedes, however, that courts have remanded an ALJ's decision when an ALJ has altogether failed to mention mental limitations after step two.  *See, e.g., Bozeman v. Kijakazi*, No. 21-00350-CV-W-WBG, 2022 WL 3928504, at *6 (W.D. Mo. Aug. 31, 2022) (remand for failure to adequately discuss non-severe mental functioning impairments when formulating the RFC).

While Defendant is correct that the RFC discussion does reference Plaintiff's non-severe mental limitations, the reference is brief at best and occurs at the broadest level, lacking sufficient reference to any particular workplace functioning. While the ALJ may not be required to develop an expansive analysis of non-severe limitations within "paragraph B" criteria when formulating the RFC, substantial evidence requires more than a mere passing reference. SSR 96-8p requires

some discussion of Plaintiff's non-severe mental limitations in formulating the RFC beyond what the ALJ has provided in this case.

## II.     Mild functioning limitations in opinions of Drs. Bucklew and Skolnick

Plaintiff also contends that, though the ALJ found medical opinions from Drs. J. Edd Bucklew and Linda Skolnick persuasive, the ALJ failed to consider the mild functioning limitations found by Drs. Bucklew and Skolnick when formulating the RFC. Nor did the ALJ explain, Plaintiff contends, why these mild limitations were left out of the RFC. This Court agrees. SSR 96-8p requires the ALJ to explain material inconsistencies in the record as well as the resolution of such inconsistencies. Simply because a limitation proves mild does not render obsolete the requirement that the ALJ explain why certain parts of an otherwise persuasive medical opinion failed to impact the RFC. This failure is material because, as Plaintiff demonstrates, even mild limitations in some mental functioning categories such as Plaintiff's ability to interact with others, may have rendered unavailable to Plaintiff the computer program analyst position, whose official description requires regular communication with various people. (DOT 007.167-014).

## III.     Medical record evidence from Dr. Brown

Plaintiff contends that the RFC lacked substantial evidence also because record evidence failed to include treatment and other medical records from Dr. Jennifer Brown at White Oak Psychiatric Services. Plaintiff argues it is reversible error for the ALJ to have not sought relevant treatment records from Dr. Brown because Plaintiff informed Defendant on Defendant's own forms that Plaintiff visited Dr. Brown for psychiatric treatment. This Court disagrees. While Plaintiff may have indicated to Defendant that she saw Dr. Brown for treatment, Plaintiff's counsel at the time of the administrative hearing, who is different that Plaintiff's current counsel, specifically informed

5

the ALJ that the record contained all medical evidence Plaintiff sought to include. (Tr. 37-38). The Eighth Circuit has held that, following an ALJ's administrative hearing, a plaintiff may not supplement the record with additional evidence that existed at the time of the hearing based only on a change of litigation strategy. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). The record and briefing offers no indication that Plaintiff's desire to supplement the record at this stage reflects something other than a change in litigation strategy between Plaintiff's counsel at the time of the hearing and now.

### IV.  Inconsistency in medical opinion evidence

Plaintiff next argues that the ALJ's failure to reconcile several perceived inconsistencies between medical opinions the ALJ found persuasive constitutes reversible error. Specifically, Plaintiff points to departures between Drs. Bucklew's and Skolnick's opinions about Plaintiff's ability to interact well with others, as well as departures between the opinions of Drs. Charity Sandvos and James Weiss as to Plaintiff's need to limit time in extreme heat. SSR 96-8p requires that the ALJ identify and explicitly discuss how the ALJ resolved material inconsistency between medical evidence in the record. Defendant is correct that the ALJ is not required to resolve every conceivable inconsistency in the record. *See Hendrix v. Kijakazi*, No. 21-00004-CV-W-WBG, 2022 WL 4534962, at *3 (W.D. Mo. Sept. 28, 2022) (failure to reconcile mere differences in verbiage not reversible error). As discussed before, however, the issue of Plaintiff's ability to interact with others proves significant, as the official description for computer program analyst involves regular and strategic communication with others. (DOT 007.167-014). Though Dr. Skolnick found only mild limitations in interacting with others while Dr. Bucklew found no such limitation at all, this difference is meaningful when the employment the ALJ has determined to be suitable requires significant communication skills. The same cannot be said, however, for the issue

of extreme heat exposure, which does not appear especially relevant for the type of available employment identified by the ALJ. Further, the ALJ incorporated Dr. Weiss' heat limitation, the more restrictive of the opinions on the issue, into the RFC.

## CONCLUSION

For foregoing reasons, this matter is **REVERSED and REMANDED** for additional analysis from the ALJ consistent with this opinion and the demands of SSR 96-8p.

 **IT IS SO ORDERED**.

DATED: March 28, 2024

*/s/ Douglas Harpool* _____
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

7