IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RHEA EVETTE NEBGEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-00213-CV-W-MDH-SSA |
| ) | |
| MARTIN O'MALLEY, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

Before the Court is Plaintiff's Application for Attorney's Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 11). Plaintiff seeks $7,500 and Defendant does not object. Additionally, Plaintiff seeks compensation for the filing fee in the amount of $402 to be paid from the Judgment Fund, to which Defendant likewise does not object.

The EAJA creates a right to attorney's fees in civil actions against the government. The EAJA statute provides legal fees may be allowed only for an adversary action, such as a social security claim in district court. 42 U.S.C. § 406(b)(1); *Clifton v. Heckler*, 755 F.2d 1138 (5th Cir. 1985).

In determining whether the attorney's fees requested by a qualified Plaintiff are "reasonable," Section 2412(d)(2)(A) of EAJA specifies a statutory cap of $125.00 per hour, which should be adjusted for increases in the cost of living. The Eighth Circuit has held that the Consumer Price Index constitutes appropriate proof of the cost-of-living increase since the original enactment of the EAJA, and justifies an award higher than the statutory rate of $75. *Stanfield v. Apfel*, 985 F. Supp. 927, 930-931 (E.D. Mo. 1997) (decision approving as "reasonable" in 1997 an hourly rate

of $128.36 per hour) *citing Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990). The statutory hourly rate under the EAJA was increased from $75 to $125 per hour for cases commenced on or after March 26, 1996.

Further, in determining the reasonableness of the hours claimed in Plaintiff's request, the Court must rely upon its own knowledge, experience, and expertise of the time required completing similar activities by lawyers of reasonably comparable skill, experience, and reputation. *Shepherd v. Apfel*, 981 F. Supp. 1188, 1192 (S.D. Iowa 1997) *citing Gilbert v. City of Little Rock, Arkansas*, 867 F.2d 1063, 1066 (8th Cir. 1989). This Court has reviewed Plaintiff's submission to this court as to hours spent on this case and hourly rate and found both to be reasonable.

Therefore, Plaintiff's Motion is **GRANTED**, and it is **ORDERED** that Plaintiff is awarded $7,500 to be paid by the Social Security Administration. Plaintiff has signed an Assignment of EAJA Fees in this case. (Doc. 11-2). The award is to be made payable to Roger M. Driskill, Plaintiff's attorney. The Court acknowledges that, in accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA fee is payable to Plaintiff as the litigant and may be offset to satisfy a pre-existing debt that the litigant owes to the United States. Additionally, Plaintiff is to receive $402 from the Judgment Fund, representing filing fees. This amount is likewise payable to Roger M. Driskill.

**IT IS SO ORDERED.**

Dated: May 23, 2024   */s/ Douglas Harpool*
 **DOUGLAS HARPOOL**
 **United States District Judge**